UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONGREGATION SHEMA YISRAEL,
a Michigan non-profit corporation,
LOREN JACOBS, as an Individual and
as an employee of CONGRETATION
SHEMA YISRAEL, MARTHA JACOBS,
as an Individual and as associated with
CONGREGATION SHEMA YISRAEL,

        Plaintiffs,                      Case No:  2:09-cv-13718

vs.                                        Hon. Denise Page Hood

CITY OF PONTIAC, MICHIGAN, a
Municipal corporation and DOES 1
through 10,

        Defendants.

_____/

| | |
|---|---|
| FREDERICK H. NELSON (0990523) | ERIC S. GOLDSTEIN (P45842) |
| AMERICAN LIBERTIES INSTITUTE | LAW OFFICES OF BERRY, JOHNSTON, |
| Lead Counsel for Plaintiffs |   SZTYKIEL & HUNT, P.C. |
| P.O. Box 54703 | Attorney for City of Pontiac |
| Orlando, FL  32854-7503 | 1301 W. Long Lake Road, Suite 250 |
| (407) 786-7007 | Troy, MI  48098 |
| Rick@ali-usa.org | (248) 641-1800 |
| | egoldstein@berryjohnstonlaw.com |

JOEL J. KIRKPATRICK (P62851)
KIRKPATRICK LAW OFFICES, P.C.
Local Counsel for Plaintiffs
31800 Northwestern Highway, Suite 350
Farmington Hills, MI  48334
(248) 855-6010
joel@kirk-law.com

_____/

**DEFENDANT, CITY OF PONTIAC'S ANSWER TO PLAINTIFF'S COMPLAINT**

**AFFIRMATIVE DEFENSES**

**RELIANCE ON JURY DEMAND**

NOW COMES Defendant, CITY OF PONTIAC, by and through its attorneys, Law Offices of Berry, Johnston, Sztykiel & Hunt, P.C., and for its Answer to Plaintiffs' Complaint, states as follows:

## NATURE OF CASE

1.      Defendant denies the allegations in paragraph 1 for the reason that they are untrue in the form and fashion stated.

2.      With regard to the first sentence in paragraph 2, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief.  With regard to the second sentence in paragraph 2, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief.  With regard to the third sentence in paragraph 2, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief.  With regard to the fourth sentence in paragraph 2, the City denies the allegations as untrue in the form and fashion stated.

## JURISDICTION AND VENUE

3.      Paragraph 3 contains no factual assertions for your Defendants to admit or deny.  However, to the extent Plaintiffs contend there are facts contained therein, Defendant denies the same for the reason they are untrue in the form and fashion stated.   In further response, Defendant does not object to jurisdiction and venue.

4.      Defendant does not deny that this Court has the authority to afford the relief justified by the statutes contained in the United States Code and the Federal Rules of Civil Procedure.  To the extent the allegations in paragraph 4 seek to expand the scope and authority of this Court, those assertions are expressly and specifically denied.  Further, the City denies that Plaintiffs are entitled to relief.

5.      Paragraph 5 contains no factual assertions for your Defendants to admit or deny. However, to the extent Plaintiffs contend there are facts contained therein, Defendant denies the same for the reason they are untrue in the form and fashion stated.  In further response, Defendant does not object to jurisdiction and venue.

6.      Defendant does not deny that this Court has the authority to afford the relief justified by the statutes of the United States Government and the Federal Rules of Civil Procedure.  To the extent the allegations in paragraph 4 seek to expand the scope and authority of this Court, those assertions are expressly and specifically denied.  In further response, the relief requested within paragraph 6 has not been properly placed before the Court pursuant to the rules of practice and the City denies that Plaintiffs are entitled to any relief.

7.      Defendant City of Pontiac admits its location within the Eastern District of Michigan and that venue is appropriate.

## PARTIES

8.      Defendant neither admits nor denies the allegations in paragraph 8 for lack of sufficient information upon which to form a belief.

9.      Defendant neither admits nor denies the allegations in paragraph 9 for lack of sufficient information upon which to form a belief.

10.      Defendant neither admits nor denies the allegations in paragraph 10 for lack of sufficient information upon which to form a belief.

11.      Defendant admits the allegations in paragraph 11.

12.      Defendant denies the allegations in paragraph 12 upon information and belief.

13.      Defendant neither admits nor denies the allegations in paragraph 13 for lack of sufficient information upon which to form a belief.

## FACTUAL BACKGROUND AND COMMON ALLEGATIONS

14.    Defendant neither admits nor denies the allegations contained in paragraph 14 for lack of sufficient information upon which to form a belief.

15.    Defendant neither admits nor denies the allegations contained in paragraph 15 for lack of sufficient information upon which to form a belief.

16.    Defendant neither admits nor denies the allegations contained in paragraph 16 for lack of sufficient information upon which to form a belief.

17.    Defendant neither admits nor denies the allegations contained in paragraph 17 for lack of sufficient information upon which to form a belief.

18.    Defendant neither admits nor denies the allegations contained in paragraph 18 for lack of sufficient information upon which to form a belief.

19.    Defendant neither admits nor denies the allegations contained in paragraph 19 for lack of sufficient information upon which to form a belief.

20.    Defendant neither admits nor denies the allegations contained in paragraph 20 for lack of sufficient information upon which to form a belief.

21.    Defendant neither admits nor denies the allegations contained in paragraph 21 for lack of sufficient information upon which to form a belief.

22.    Defendant neither admits nor denies the allegations contained in paragraph 22 for lack of sufficient information upon which to form a belief.

### Literature Distribution at the 2007 Festival

23.    With regard to the first sentence in paragraph 23, Defendant neither admits nor denies the allegations for lack of sufficient information to form a belief.  With regard to the second sentence in paragraph 25, Defendant denies the allegations for the reason that they are untrue in the form and fashion stated.

24.    Defendant admits the festival generally occurs every year on or about the Labor Day weekend.

25.    Defendant neither admits nor denies the allegations contained in paragraph 25 for lack of sufficient information upon which to form a belief.

26.    With regard to the first sentence in paragraph 26, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief. With regard to the second sentence in paragraph 26, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief. With regard to the third sentence in paragraph 26, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief.

27.    With regard to the first sentence in paragraph 27, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief. With regard to the second sentence in paragraph 27, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief. With regard to the third sentence in paragraph 27, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief.

28.    With regard to the first sentence in paragraph 28, Defendant neither admits nor denies the allegations regarding what Plaintiffs and individuals were told for lack of sufficient information upon which to form a belief, but deny that there were any public streets and public sidewalks within the festival area for the reason that same is untrue in the form and fashion stated. With regard to the second sentence in paragraph 28, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief. With regard to the third sentence in paragraph 28, Defendant neither admits nor denies for lack of sufficient information upon which to form a belief.

29.     With regard to the first sentence in paragraph 29, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief.  With regard to the second sentence in paragraph 29, Defendant neither admits nor denies the allegations that an Officer Thomas conferred with a Captain Kilty and further that Officer Thomas relayed information to Plaintiff Loren Jacobs regarding Captain Kilty's comments, for lack of sufficient information upon which to form a belief.  In further response, to the extent the allegations suggest that Captain Kilty had authority to have "made a decision" regarding the distribution of literature within the festival area, Defendant denies the same for the reason that it is untrue in the form and fashion stated.  In further response, to the extent the allegations contend that the festival area had been leased to another organization, Defendant admits the allegations.

30.     Defendant neither admits nor denies the allegations in paragraph 30 for lack of sufficient information upon which to form a belief.

### Plaintiffs' Attempts to Resolve Issues Without Litigation

31.     Defendant neither admits nor denies the allegations in paragraph 31 for lack of sufficient information upon which to form a belief.

32.     Defendant neither admits nor denies the allegations in paragraph 32 for lack of sufficient information upon which to form a belief.

33.     Defendant neither admits nor denies the allegations in paragraph 33 for lack of sufficient information upon which to form a belief.

34.     Defendant neither admits nor denies the allegations in paragraph 34 for lack of sufficient information upon which to form a belief.

35.     Defendant neither admits nor denies the allegations in paragraph 35 for lack of sufficient information upon which to form a belief.

36.     Defendant neither admits nor denies the allegations in paragraph 36 for lack of sufficient information upon which to form a belief.

37.     Defendant neither admits nor denies the allegations in paragraph 37 for lack of sufficient information upon which to form a belief.

38.     Defendant neither admits nor denies the allegations in every sentence of paragraph 38 for lack of sufficient information upon which to form a belief.

39.     Defendant neither admits nor denies the allegations in every sentence of paragraph 39 for lack of sufficient information upon which to form a belief.

40.     With regard to the first sentence in paragraph 40, Defendant denies the allegations for the reason that they are untrue in the form and fashion stated.  With regard to the second sentence in paragraph 40, Defendant denies the allegations for the reason that they are untrue in the form and fashion stated.

<u>**Literature Distribution at the 2008 Festival**</u>

41.     With regard to the first sentence in paragraph 41, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief.  With regard to the second sentence in paragraph 41, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief.  With regard to the third sentence in paragraph 41, Defendant denies the allegations for the reason that they are untrue in the form and fashion stated.  With regard to the fourth sentence in paragraph 41, Defendant denies the allegations for the reason that they are untrue in the form and fashion stated.

<u>**Literature Distribution at the 2009 Festival**</u>

42.     With regard to the first sentence in paragraph 42, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief.  With regard to the second sentence in paragraph 42, Defendant admits only that significant portions of the

festival area were enclosed by fencing, requiring an admission ticket for entry. With regard to the third sentence in paragraph 42, Defendant neither admits nor denies the allegations contained therein for lack of sufficient information upon which to form a belief. With regard to the fourth sentence in paragraph 42, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief.

43.     With regard to the first sentence in paragraph 43, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief. With regard to the second sentence in paragraph 43, Defendant does not deny that Chief Gross and Captain Miller approached individuals who are presently assumed to be the Plaintiffs in this case, advising them that their motor vehicle was blocking traffic and needed to be moved. Defendant specifically denies that the approach was made attendant to or triggered by any subjective belief of the Plaintiffs in connection with preparing to distribute literature for the reason that the same is untrue in the form and fashion stated. With regard to the third sentence in paragraph 43, Defendant does not deny that Captain Miller directed Plaintiff away from the public sidewalks near the corners of Saginaw and Water Street, and does not dispute the possibility that the sponsors of the festival did not want distribution of such materials in that area, otherwise leaving Plaintiffs to their proofs. Defendant further states that the area was still within the confines of the area designated for the Arts, Beats & Eats festival, and to the extent that the allegations suggest that the area was to be considered a public street, open to the public, outside of the festival area, those allegations are denied as untrue in the form and fashion stated. With regard to the fourth sentence in paragraph 43, Defendant does not deny that Captain Miller directed Plaintiff specifically to an area that would be acceptable for leafleting, specifically, the northeast corner of Perry and Water Street which, in fairness to Plaintiffs' pleadings, is within the two

block area between Woodward and Perry Streets and thus, is generally true but defines an area, the outer reaches of which are farther away than was necessary to leaflet.

44.     With regard to the first sentence in paragraph 44, upon information and belief, Defendant denies the allegations contained therein for the reason that they are untrue in the form and fashion stated.  With regard to the second sentence in paragraph 44, upon information and belief, Defendant denies the allegations contained therein for the reason they are not true in the form and fashion stated.

45.     With regard to the first sentence in paragraph 45, Defendant both, upon information and belief, admits and denies the allegations as follows; to the extent Plaintiffs contend that they repositioned themselves on the northwest corner of Perry and Water Street, Defendant admits that the same would be in compliance with Captain Miller's specific directions.  To the extent Plaintiffs contend that Captain Miller directed them to the southwest corner of Perry and Water Street, the same is denied for the reason that it is untrue, and further for the reason that there is no southwest corner as Perry Street dead ends on Water Street, stating further that the southern sidewalk of Water Street across from Perry was not an area identified by Captain Miller as one where Plaintiffs could leaflet, instead it was part of the festival territory and thus, any allegations that the south side of Water Street near Perry Street was an area Captain Miller had previously indicated was acceptable is denied as untrue.  With regard to the second sentence in paragraph 45, Defendant admits that Plaintiffs were directed to an area running from the northwest corner of Perry Street, east along the north end of Water Street, inclusive of the northeast and northwest corners of Mill Street continuing eastward to Widetrack Drive, sometimes referred to as Woodward.  With regard to the allegations regarding reduced pedestrian traffic, Defendant neither admits nor denies the allegations for lack of sufficient information upon which to form a belief, leaving Plaintiffs to their proofs.

46.     With regard to the first sentence in paragraph 46, Defendant, upon information and belief, admits that Captain Miller approached individuals who may have been the Plaintiffs on the south side of Water Street near Perry.  With regard to the second sentence in paragraph 46, Defendant, upon information and belief, admits the allegations in the second sentence.  With regard to the third sentence in paragraph 46, Defendant neither admits nor denies the allegations contained therein for lack of sufficient information upon which to form a belief.

47.     With regard to the first sentence in paragraph 47, upon information and belief, Defendant does not dispute that an individual who may have been Plaintiff, Loren Jacobs, pretended to not understand Captain Miller's clear direction that the sidewalk from the northwest corner of Perry and Water Street and thereafter in an eastward direction was open for Plaintiffs' activities and the south side of Water Street was not.  To the extent the allegations in the first sentence of paragraph 47 imply that Captain Miller's instructions were unclear, the same are denied.  Further, to the extent the allegations contained within the first sentence assert that the individual who may have been Plaintiff Loren Jacobs had a genuine interest in knowing what the rules were so that he could abide by them, as is implied by the language within the Complaint, the same is denied for the reason that it is untrue, as notwithstanding repeated and clear instruction, Plaintiff made repeated efforts to go beyond the clearly identified boundaries given to him.  With regard to the second sentence in paragraph 47, Defendant, upon information and belief, does not deny that the individual who may have been Plaintiff, Loren Jacobs, requested a map.  With regard to the third sentence in paragraph 47, Defendant, upon information and belief, does not deny that Captain Miller declined to provide the individual who may have been Plaintiff Loren Jacobs with a map.  In further response, Plaintiff's request for clear instruction was not initiated by the Plaintiff, but was instead in response to the courtesy warning given to Plaintiff regarding the improper location where the individual who may have been Plaintiff, Martha

10

Jacobs, was standing.  The request for clarity was clearly a distraction device to allow Plaintiff Martha Jacobs to continue to stand on the south side of Water Street where she had previously been told was unacceptable.  Captain Miller declined to engage in a debate or discussion over the existence of maps and returned to his original interest of warning Plaintiff that if Ms. Jacobs did not move immediately, <u>she</u> would be arrested.  The balance of the allegations are denied in the form and fashion stated.

48.    Defendant denies the allegations in every sentence of paragraph 48 for the reason that same are untrue in the form and fashion stated.

### **Defendants' Use of Festival Permits to Deny Literature Distribution**

49.    Defendant admits the allegations contained in paragraph 49.

50.    Defendant denies the allegations in paragraph 50 for the reason that they are untrue in the form and fashion stated.

51.    Defendant denies the allegations in paragraph 51 for the reason that they are untrue in the form and fashion stated.

52.    Defendant denies the allegations in paragraph 52 for the reason that they are untrue in the form and fashion stated.

53.    Defendant denies the allegations in paragraph 53 for the reason that they are untrue in the form and fashion stated.

54.    Defendant neither admits nor denies the allegations in paragraph 54 for lack of sufficient information upon which to form a belief.

55.    Defendant neither admits nor denies the allegations in paragraph 55 for lack of sufficient information upon which to form a belief.

56.    Defendant neither admits nor denies the allegations in paragraph 56 for lack of sufficient information upon which to form a belief.

**Allegations Supporting Equitable Relief**

57.     Defendant denies the allegations in paragraph 57 for the reason that they are untrue in the form and fashion stated.

58.     Defendant denies the allegations in paragraph 58 for the reason that they are untrue in the form and fashion stated.

59.     Defendant denies the allegations in paragraph 59 for the reason that they are untrue in the form and fashion stated.

60.     Defendant denies the allegations in paragraph 60 for the reason that they are untrue in the form and fashion stated.

61.     Defendant denies the allegations in paragraph 61 for the reason that they are untrue in the form and fashion stated.

62.     There are no factual allegations in paragraph 62 necessitating a response.

63.     Defendant denies the allegations in paragraph 63 for the reason that they are untrue in the form and fashion stated.

64.     With regard to the first sentence in paragraph 64, Defendant neither admits nor denies the allegations contained therein for lack of sufficient information to form a belief.  With regard to the second sentence in paragraph 64, Defendant denies the allegations for the reason that they are untrue in the form and fashion stated.

65.     Defendant neither admits nor denies the allegations in paragraph 65 for lack of sufficient information to form a belief.

66.     Defendant neither admits nor denies the allegations in paragraph 66 for lack of sufficient information to form a belief.

67.     Defendant denies the allegations in paragraph 67 for the reason that they are untrue in the form and fashion stated.

68.     Defendant denies the allegations in paragraph 68 for the reason that they are untrue in the form and fashion stated.

69.     Defendant denies the allegations in paragraph 69 for the reason that they are untrue in the form and fashion stated.

70.     Defendant has limited personal knowledge as the Defendant is a municipality and thus, as indicated by the response to the specific allegations contained herein, both admits and denies the allegations of paragraph 70.

71.     Defendant denies the allegations in paragraph 71 for the reason that they are untrue in the form and fashion stated.

72.     Defendant denies the premise such that there was a violation of any rights protected by the United States Constitution.

73.     Defendant denies the allegations in paragraph 73 for the reason that they are untrue in the form and fashion stated.

74.     Defendant denies the allegations in paragraph 74 for the reason that they are untrue in the form and fashion stated.

75.     There are no factual allegations within paragraph 75 and no response is required. However, to the extent the generalized conclusion of law is deemed to be a factual assertion applicable and dispositive to this particular case, Defendant denies the same for the reason that it is untrue in the form and fashion stated.

76.     Defendant denies the allegations in paragraph 76 for the reason that they are untrue in the form and fashion stated.

77.     Defendant denies the allegations in paragraph 77 for the reason that they are untrue in the form and fashion stated.

78.    Defendant neither admits nor denies the allegations in paragraph 78 for lack of sufficient information upon which to form a belief.

## FIRST CAUSE OF ACTION

### Violation of the Freedom of Speech Clause of the

### First Amendment to the United States Constitution

79.    Defendant hereby incorporates by reference its answers as set forth in paragraphs 1 through 79 as though same were fully set forth herein.

80.    Defendant does not deny the protections provided by the First Amendment, but to the extent Plaintiffs' allegations contained within the body of this Complaint seek to extend those rights beyond those clearly established under the law, Defendant denies the same.

81.    With regard to the allegations contained within the first sentence of paragraph 81, Defendant denies the same for the reason that they are untrue in the form and fashion stated. With regard to the allegations contained within the second sentence of paragraph 81, Defendant denies the same for the reason that they are untrue in the form and fashion stated.

82.    Defendant denies the allegations in paragraph 82 for the reason that they are untrue in the form and fashion stated.

## SECOND CAUSE OF ACTION

### Violation of the Free Exercise Clause of the

### First Amendment to the United States Constitution

83.    Defendant hereby incorporates by reference its answers as set forth in paragraphs 1 through 83 as though same were fully set forth herein.

84.    Defendant neither admits nor denies the allegations in paragraph 85 for lack of sufficient information upon which to form a belief.

85.    With regard to the allegations in the first sentence of paragraph 85, Defendant admits to indifference to what Plaintiffs believe.  With regard to the allegations in the second sentence in paragraph 85, Defendant denies the same for the reason that they are untrue in the form and fashion stated.  With regard to the allegations in the third sentence in paragraph 85, Defendant denies the factual premise of the allegation that the festival area only included those areas which were fenced in.  With regard to factual allegations in the fourth sentence in paragraph 85, Defendant denies the same for the reason that they are untrue in the form and fashion stated.

86.    Defendant denies the allegations in paragraph 86 for the reason that they are untrue in the form and fashion stated.

87.    Defendant denies the allegations in paragraph 87 for the reason that they are untrue in the form and fashion stated.

## THIRD CAUSE OF ACTION

### Injunctive Relief

88.    Defendant hereby incorporates by reference its answers as set forth in paragraphs 1 through 88 as though same were fully set forth herein.

89.    Defendant denies the allegations in paragraph 89 for the reason that they are untrue in the form and fashion stated.

90.    Defendant neither admits nor denies the allegations in paragraph 90 for lack of sufficient information upon which to form a belief.

91.    Defendant denies the allegations in paragraph 91 for the reason that they are untrue in the form and fashion stated.

92.    Defendant denies the allegations in paragraph 92 for the reason that they are untrue in the form and fashion stated.

93.    Defendant denies the allegations in paragraph 93 for the reason that they are untrue in the form and fashion stated.

94.    There are no factual allegations within paragraph 94 and thus no response is required.

95.    Defendant denies the allegations in paragraph 95 for the reason that they are untrue in the form and fashion stated.

96.    Defendant denies the allegations in paragraph 96 for the reason that they are untrue in the form and fashion stated.

97.    Defendant denies the allegations in paragraph 97 for the reason that they are untrue in the form and fashion stated.

98.    Defendant denies the allegations in paragraph 98 for the reason that they are untrue in the form and fashion stated.

99.    Defendant denies the allegations in paragraph 99 for the reason that they are untrue in the form and fashion stated.

100.    Defendant denies the allegations in paragraph 100 for the reason that they are untrue in the form and fashion stated.

## FOURTH CAUSE OF ACTION

### Declaratory Relief

101.    Defendant hereby incorporates by reference its answers as set forth in paragraphs 1 through 100 as though same were fully set forth herein.

102.    While Defendant does not deny the existence of a controversy between Plaintiffs and Defendant, the balance of the allegations are denied as untrue in the form and fashion stated.

103.    Defendant denies that Plaintiffs are entitled to the specific determination they have requested in this paragraph.

104.    Defendant denies that Plaintiffs are entitled to the specific determination they have requested in this paragraph.

WHEREFORE, Defendant, CITY OF PONTIAC, requests this Court to enter a Judgment of no cause of action in favor of Defendant and against all Plaintiffs, denying all relief requested by Plaintiffs, and award your Defendant costs and attorney fees so wrongly incurred in the defense of this matter.

BY:  s/ERIC S. GOLDSTEIN_____
ERIC S. GOLDSTEIN (P45842)
ATTORNEY FOR CITY OF PONTIAC
1301 W. LONG LAKE ROAD
SUITE 250
TROY, MI  48098
(248) 641-1800
egoldstein@berryjohnstonlaw.com

Dated:  November 13, 2009

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, by and through its attorneys, Law Offices of Berry, Johnston, Sztykiel & Hunt, P.C., and for its Affirmative Defenses, states the following:

1.    Plaintiffs, both individually and collectively, have failed to state claims upon which relief can be granted.

2.    The claims brought by the Plaintiffs, both individually and collectively, are barred in whole or in part by the statute of limitations.

3.    The claims brought by the Plaintiffs, both individually and collectively, are barred in whole or in part by the application of res judicata.

4.    The claims brought by the Plaintiffs, both individually and collectively, are barred in whole or in part for lack of jurisdiction.

17

5.      The facts set forth in the Complaint do not amount to the deprivation of a clearly established constitutional right as of the time of each occurrence described in the Complaint as well as the time of the Complaint's filing.

6.      Plaintiff has not alleged sufficient facts to show violations of clearly established law as that law existed at the time of the occurrence as well as at the time of the filing of the Complaint.

7.      The claim is barred in whole or in part because the actual conduct of the City of Pontiac and/or its employees were objectively reasonable under the circumstances.

8.      The claims of the Plaintiffs, individually and collectively, are barred in whole or in part because the factual allegations, even if true, fail to manifest a custom, policy or practice deliberately indifferent to the constitutional rights of the Plaintiffs.

9.      The claims are barred in whole or in part as any alleged violation of a constitutional right was not a proximate cause of any damages suffered by any Plaintiff.

10.      The claims are barred in whole or in part as none of the alleged damages complained of in the Complaint were proximately caused by any actions or omissions attributable to the City of Pontiac.

11.      The claims are barred in whole or in part as the damages allegedly suffered by the Plaintiffs were caused by actions or inactions of others not party to this litigation.

12.      The claims are barred in whole or in part as any alleged damages suffered by any Plaintiffs were caused by the supervening and intervening conduct of others not party to this litigation.

13.      The claims are barred in whole or in part as any alleged damages suffered by any Plaintiff pre-existed the events described in the Complaint.

14.    The claims are barred in whole or in part as any alleged damages suffered by any Plaintiff were not the product of any acceleration or exacerbation of pre-existing conditions proximately caused by the events described in the Complaint.

15.    The claims are barred in whole or in part due to the collective and individual failure of the Plaintiffs to mitigate any damages.

16.    The claims are barred in whole or in part as the damages suffered by each Plaintiff, individually and collectively, arose out of their own comparative negligence.

17.    The claims are barred in whole or in part because no Plaintiff has suffered any damages proximately caused by any of the alleged conduct set forth in the Complaint.

18.    The claims are barred in whole or in part as a result of accord and satisfaction.

19.    The claims are barred in whole or in part by operation of assumption of the risk.

20.    The claims are barred in whole or in part by operation of waiver.

21.    The claims are barred in whole or in part by operation of consent and agreement.

22.    The Plaintiffs are not entitled to exemplary or punitive damages by operation of applicable law.

23.    The claims are barred in whole or in part because the Complaint is not drawn in conformity with the Federal Rules of Civil Procedure, making it difficult if not impossible for Defendant to answer.

24.    Plaintiffs are hereby placed on notice that those claims not sustained by facts through the course of discovery will be the subject of appropriate motions, including but not limited to, motions for summary judgment, on the pleadings, for costs, sanctions, attorney fees, etc.

25.    Plaintiffs have not identified the specific nature of the speech which was allegedly prohibited.

26.     Plaintiffs have not set forth with sufficient particularity the subject matter of any restraint imposed upon their free speech rights.

27.     The claims of the Plaintiffs are barred in whole or in part because any regulation of the distribution of literature by the City of Pontiac was content neutral.

28.     The claims of the Plaintiffs are barred in whole or in part for the reason that they specifically sought to engage in actions prohibited to all others similarly situated and thus, sought special treatment.

29.     The claims of the Plaintiffs are barred in whole or in part for the reason that the complained of conduct of the City and its Police Officers left open available channels for their efforts by describing clear and specific areas within reasonable proximity for their actions.

30.     Without waiver of the Plaintiffs' failure to properly plead, the City asserts all immunity allowed under law, including but not limited to, statutory immunity, governmental immunity, qualified immunity and absolute immunity as applicable in connection with all claims.

31.     None of the conduct of the City interfered with any sincerely held religious belief and accordingly, the claims of the Plaintiffs are barred in whole or in part.

32.     None of the actions of the City of Pontiac interfered with the free exercise of any religion.

33.     The claims are barred in whole or in part for the reason that the expression of a presumably sincerely held religious belief does not excuse compliance with content neutral regulation.

34.     To the extent that the facts demonstrate that the precise location of a leafleting exercise is outside liturgical doctrine, then there was no sincerely held religious belief impaired.

35.     The content neutral regulation of the City did not impose any burden on the exercise of any sincerely held religious belief of the Plaintiffs as such could be reasonably appreciated by a reasonable officer.

36.     The complained of action of the City served a compelling state interest and/or a legally sufficient state interest with minimum, negligible or no impact upon any of Plaintiffs' religious and/or speech rights.

37.     The City's actions were unobtrusive as it related to or impacted upon the constitutional rights of speech and free exercise of religion.

38.     The complained of action of the City provide ample opportunity to engage in speech and in the free exercise of religion.

39.     Plaintiffs lack standing to challenge the clear and unambiguous geographical boundaries established for the festival.

40.     The Plaintiffs lack standing to assert as unconstitutional the existence of the Arts, Beats & Eats contractual relationship with the City of Pontiac.

41.     The Plaintiffs have failed to set forth with sufficient particularity any allegations to justify declaratory and/or injunctive relief.

42.     All of the limitations complained of by Plaintiffs were narrowly tailored to the circumstances and constructed to be minimally obtrusive.

43.     Defendant reserves the right to amend or add to these Affirmative Defenses as more information becomes known.

44.     Defendant objects to Plaintiffs' failure to join all claims and parties.

45.     Defendant demands a reply to these Affirmative Defenses.

BY:  s/Eric S. Goldstein
Eric S. Goldstein (P45842)
Attorney for City of Pontiac
1301 W. Long Lake Road
Suite 250
Troy, MI 48098
(248) 641-1800
egoldstein@berryjohnstonlaw.com

Dated:  November 13, 2009


## RELIANCE ON JURY DEMAND

NOW COMES Defendant, CITY OF PONTIAC, by and through its attorneys, Law Offices of Berry, Johnston, Sztykiel & Hunt, P.C., and hereby relies upon the Jury Demand filed by Plaintiff in the above-entitled matter.

BY:  s/Eric S. Goldstein
Eric S. Goldstein (P45842)
Attorney for City of Pontiac
1301 W. Long Lake Road
Suite 250
Troy, MI 48098
(248) 641-1800
egoldstein@berryjohnstonlaw.com

Dated:  November 13, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Frederick H. Nelson, Rick@ali-usa.org; and Joel J. Kirkpatrick, joel@kirk-law.com, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: none.

BY: s/Eric S. Goldstein_____
Eric S. Goldstein (P45842)
Attorney for City of Pontiac
1301 W. Long Lake Road
Suite 250
Troy, MI 48098
(248) 641-1800
egoldstein@berryjohnstonlaw.com

F:\Client Documents\65734\pldAnswer.doc