UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CONGREGATION SHEMA YISRAEL,**
a Michigan non-profit corporation,
**LOREN JACOBS,** as an Individual and
as an employee of **CONGREGATION
SHEMA YISRAEL, MARTHA JACOBS,**
as an Individual and as associated with
**CONGREGATION SHEMA YISRAEL,**

    **Plaintiffs,**

v.             Case No. 09-13718
                HONORABLE DENISE PAGE HOOD

**CITY OF PONTIAC, MICHIGAN,** a
Municipal corporation and **DOES 1
through 10,**

    **Defendants.**
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEEMING PLAINTIFFS' MOTION UNDER RULE 56(f) MOOT AND SCHEDULING A FINAL PRE-TRIAL CONFERENCE

**I. INTRODUCTION**

  This matter is before the Court on Defendant City of Pontiac's Motion for Partial Summary Judgment Regarding Claims for Injunctive and Declaratory Relief, Only **[Docket No. 13, filed on February 26, 2010]**. Plaintiffs filed a response on March 19, 2010 **[Docket No. 17],** to which Defendant replied **[Docket No. 18, filed on March 26, 2010]**. On May 7, 2010, Plaintiffs filed a Supplemental Opposition to Defendant's Motion for Partial Summary Judgment Regarding Claims for Injunctive and Declaratory Relief, Only **[Docket No. 22].** Defendant filed Supplemental Briefing in Support of Its Motion for Partial Summary Judgment Regarding

Claims for Injunctive and Declaratory Relief, Only **[Docket No. 23, filed on June 7, 2010]**.

This matter is also before the Court on Plaintiffs' Motion Under Rule 56(f) **[Docket No. 14, filed on March 1, 2010]**. Defendant filed a response on March 9, 2010 **[Docket No. 15]**.

## II.  STATEMENT OF FACTS

Plaintiffs allege that they have distributed free religious literature at the Arts, Beats and Eats Festival ("Festival"), on the streets and sidewalks of Pontiac, Michigan, both inside and outside of the Festival, since 2004. (Compl. ¶ 14). However, in 2007, Plaintiffs were informed by police officers that they could not distribute literature, and were threatened with arrest should they choose to continue their distribution. (Compl. ¶ 27). Following the event, and communication with city officials, Plaintiffs were informed that they could only distribute literature at Festivals in the future if they paid the fee as "an official non-profit Festival Booth Sponsor." (Compl. ¶ 36).

In 2008, Plaintiffs again distributed information at and around the Festival. Police officers informed them that they were not allowed to distribute literature. According to Plaintiffs, after a conversation between the police and a lawyer who was distributing his own campaign literature, police officers allowed Plaintiffs to continue their distribution. (Compl. ¶ 41). In 2009, Plaintiffs distributed literature outside of the fenced-in Festival area. (Compl. ¶ 42). During Plaintiffs' second day at the Festival, Plaintiffs were informed that they were not allowed to remain on the public sidewalks near the Festival, and would need to go one block further away. (Compl. ¶ 43). After relocating, Plaintiffs were allegedly told by police officers that they must relocate again, this time across the street. (Compl. ¶ 46). Again, Plaintiffs were threatened with arrest. (Compl. ¶ 47). On September 18, 2009, Plaintiffs brought the instant suit,

alleging violations of their rights to the free exercise of religion and free speech under the First Amendment.

On December 8, 2009, the Oakland Press published an article announcing that the Festival would no longer be held in Pontiac, but would move to Royal Oak. (Ex. A to Pl.'s Mot. for Part. Summ. J. at 3.). On December 8, 2009, the Festival entered into an agreement to host the Festival in the City of Royal Oak through the year 2014, and "to meet two hundred forty (240) days prior to the expiration of this Agreement to discuss in good faith an extension of the duration of this Agreement." (Ex. C to Pl.'s Mot. for Part. Summ. J.). According to Rod Blake, Director of Special Projects for the City of Pontiac, "there is no reasonable basis to conclude that an Arts, Beats & Eats Festival will take place in the City of Pontiac in the year 2010, or any other year." (Ex. B to Pl.'s Mot. for Part. Summ. J. at 2.).

**III.     LAW & ANALYSIS**

    **A.     Motion for Partial Summary Judgment**

Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497

(6th Cir. 2003). Although the court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

### 1.     INJUNCTIVE RELIEF

Given that there is no significant likelihood that the Festival will occur again in Pontiac, Defendant contends that Plaintiffs' claim for injunctive relief is moot. "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties . . . ." *McPherson v. Michigan High Sch. Athletic Ass'n Inc.*, 119 F.3d 453, 458 (6th Cir. 2010).

The City of Royal Oak currently has a contract with the Festival. Plaintiffs make no allegations of a violation of rights that occurred within the City of Pontiac, apart from those stemming from occurrences at the Festival. The idea that any violations would occur in the future is purely hypothetical or speculative. Defendant argues that even if an injunction or declaratory judgment were issued, it would be of no consequence to Plaintiffs' legal interests since it would prohibit conduct for an event that is not scheduled to take place.

Plaintiffs argue that the "policies, customs, and practices" of Defendant–namely, the "licensed vendor system"–would chill Plaintiffs' rights to free speech and the free exercise of religion, not only at the Festival, but at *other permitted events*. Plaintiffs contend that they have not had adequate time to discover facts that would further support their position. Plaintiffs argue that the facts, as presented, demonstrate future harm will occur.

Plaintiffs argue that they fall under the "capable of repetition yet evading review"

exception to mootness.  *See Murphy v. Hunt*, 455 U.S. 478 (1982).  This exception is limited to "the situation where two elements combine[]: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, *and* (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."  *Id.* at 482 (internal quotations omitted).  Plaintiffs satisfy the first element; the three-day Festival was too short in its duration for their right to be fully litigated prior to the end of the event.  However, as the Festival is no longer being held in Pontiac, there is no reasonable expectation that Defendant in this matter would cause the same complaining party to be subject to the same action again.

Plaintiffs argue that the injunction sought would not only enjoin Defendant from the alleged violations that occurred from reoccurring at the Festival, but also from occurring at any other permitted events held in Pontiac.  This is simply too broad.  The specific "licensed vendor system" that Plaintiffs challenge is not used by all events in Pontiac, but was a policy established by the Festival.  Plaintiffs make no complaints about other past events that have occurred in Pontiac, nor can they state with any specificity events that will occur in the foreseeable future, in Pontiac, that will employ the "licensed vendor system."[1]   The record is devoid of any policy or system to license vendors at events held in Pontiac aside from the system specifically used for the Festival.

Pursuant to Rule 65(d) of the Fed. R. Civ. P., "[e]very order granting an injunction and

---

[1] Plaintiffs provide a listing of events "already planned" for the future, where they allege similar enforcement had been implemented in the past.  Plaintiffs make no claim that their constitutional rights were violated at any event other than the Festival or under any policy except the "licensed vendor system."  Notably, the "licensed vendor system" was established by the Festival.

every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail–and not by referring to the complaint or other document–the act or acts restrained or required." Issuing an injunction in this case would be tantamount to issuing an order requiring the City of Pontiac to comply with the First Amendment to the Constitution, an obligation to which Defendant is already bound.

Even accepting all of Plaintiffs' allegations as true, no genuine issue of material fact exists regarding Plaintiffs' claim for injunctive relief, which is now moot.

### 2. DECLARATORY RELIEF

Federal Rule of Civil Procedure 57 states that the Rules of Civil Procedure govern the procedure for obtaining a declaratory judgment pursuant to 28 U.S.C. § 2201. 28 U.S.C. § 2201 states:

> In a case of actual controversy within its jurisdiction, [exceptions to statute omitted], any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

To satisfy the "actual controversy" requirement, a dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," and must be "real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Medimmune, Inc. v. Genentech, Inc., et al.*, 127 S.Ct. 764, 771 (2007) (internal quotations omitted). "The question is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment." *Super Tire Eng. Co., et al. v. McCorkle, et al.*, 94 S.Ct. 1698, 1690 (1974) (internal quotations omitted).

In this case, the very activity Plaintiffs challenge is contingent upon the Festival returning to Pontiac–a fact unsupported by the evidence. In essence, Plaintiffs' claim for declaratory judgment has "evaporated or disappeared" and fails to, "by its continuing and brooding presence, cast[] what may well be a substantial adverse effect on the interests of the petitioning parties." *See McCorkle*, 94 S.Ct. at 122. A declaratory judgment may not be merely "an opinion advising what the law would be upon a hypothetical state of facts." *North Carolina v. Rice*, 404 US 244, 246 (1971). For the reasons discussed above with respect to Plaintiffs' claim for injunctive relief, even accepting Plaintiffs' factual allegations as true, no genuine issue of material fact exists as to whether Plaintiffs are entitled to a declaratory judgment. This issue is moot.

### B.     Motion Under Rule 56(f)

Plaintiffs bring a motion pursuant to Fed. R. Civ. P. 56(f), which states:

If a party opposing the motion shows by affidavit that, for specified reasons,
it cannot present facts essential to justify its opposition, the court may:
(1) deny the motion;
(2) order a continuance to enable affidavits to be obtained, depositions to be
taken, or other discovery to be undertaken; or
(3) issue any other just order.

Plaintiffs submit the Declaration of Frederick H. Nelson, Plaintiffs' counsel. Plaintiffs argue that they need further discovery to ascertain the policies, customs, and practices with respect to permitted events in the City of Pontiac. In a Stipulated Order Resetting Hearing Dates and Allowing Supplemental Briefing Schedule **[Docket No. 20, filed on April 20, 2010]**, this Court ordered that the hearing scheduled to address pending motions be adjourned "to afford the parties an opportunity to present additional briefing regarding new discovery." Plaintiffs' Motion Under Rule 56(f) is moot.

## IV. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Defendant City of Pontiac's Motion for Partial Summary Judgment Regarding Claims for Injunctive and Declaratory Relief, Only **[Docket No. 13, filed on February 26, 2010]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion Under Rule 56(f) **[Docket No. 14, filed on March 1, 2010]** is deemed **MOOT** .

**IT IS FURTHER ORDERED** that the parties appear for a Final Pre-Trial Conference on June 6, 2011 at 2:00 p.m.  A Joint Final Pre-Trial Order must be submitted by May 31, 2011.


                                               s/Denise Page Hood
                                               Denise Page Hood
                                               UNITED STATES DISTRICT JUDGE


Dated: March 31, 2011


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 31, 2011, by electronic and/or ordinary mail.

                                               s/LaShawn R. Saulsberry
                                               Case Manager, (313) 234-5165