## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**CONGREGATION SHEMA YISRAEL,**
**a Michigan non-profit corporation,**
**LOREN JACOBS, as an Individual and**
**as an employee of CONGREGATION**
**SHEMA YISRAEL, MARTHA JACOBS,**
**as an Individual and as associated with**
**CONGREGATION SHEMA YISRAEL,**

                **Plaintiffs,**

**v.**                                        **Case No. 09-13718**
                                             **HONORABLE DENISE PAGE HOOD**

**CITY OF PONTIAC, MICHIGAN, a**
**Municipal corporation and DOES 1**
**through 10,**

                **Defendants.**
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DEEMING DEFENDANT CITY OF PONTIAC'S MOTION TO STRIKE THE ORDER GRANTING JOINT MOTION FOR ENTRY OF SCHEDULING ORDER MOOT

**I.**       **INTRODUCTION**

       This matter is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint **[Docket No. 38, filed on April 25, 2011]**. Defendants filed a response on May 2, 2011 **[Docket No. 42]**, to which Plaintiffs filed a reply on May 9, 2011 **[Docket No. 48]**. Plaintiffs filed a Supplemental Reply Brief on June 21, 2011 **[Docket No. 55]**.

       This matter is also before the Court on Defendant City of Pontiac's ("Pontiac") Motion to Modify or Strike the Order Granting Joint Motion for Entry of Scheduling Order (E.Doc 43) **[Docket No. 45, filed on May 4, 2011]**. Plaintiffs responded on May 18, 2011 **[Docket No. 52]**.

1

II.     **MOTION TO AMEND COMPLAINT**

Pursuant to Rule 15(a)(2), a party may amend its pleading with the "court's leave.  The court should freely give leave when justice so requires."  Whether to allow for the amending of a complaint is left to the Court's discretion.  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason–such as undue delay, bad faith . . . undue prejudice to the opposing party . . . futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants argue that, given the length of the litigation to date, and the number of appearances the parties have made before this Court, Plaintiffs had ample opportunity to vocalize any desire they may have had to amend pleadings.  Plaintiffs state that Defendants have not conducted any discovery in this case and any new facts have been taken from Defendants' policies. The Plaintiffs did not name Captain Miller as a Defendant in their Complaint, even though they were aware of his identity at the time of filing.  Defendants contend that they defended depositions, and engaged in active discovery from April if 2010 through June of 2010.


Plaintiffs assert that there was a mutual agreement to suspend litigation, for the purposes of settlement negotiations, since 2009.  Defendants disagree that there was ever any agreement to suspend litigation.  The Court is aware that the parties requested that the Motion for Partial Summary Judgment not be ruled on while the parties attempted to negotiate a settlement. February 26, 2010, the Court granted Defendants' Motion for Partial Summary Judgment

Regarding Claims for Injunctive and Declaratory Relief, Only.  On March 14, 2011, the Court held at status conference in this matter, and directed the parties to report on their attempts at resolving the case by March 28, 2011.

The actual content of the settlement discussions is irrelevant to this Court's analysis.  The Court is satisfied that litigation was effectively placed on hold as the parties attempted to reach a resolution.  The parties requested that this Court not rule on Defendants' pending Partial Motion for Summary Judgment during the time spanning from approximately June 24, 2010, when the motion was heard before this Court until approximately March 14, 2011, when the parties appeared before this Court for a status conference.  This time cannot be characterized as undue delay, or as a showing of bad faith on the part of Plaintiffs.  Any prejudice Defendants would face due to the passage of time can be remedied by this Court setting the appropriate deadlines for this matter.

### A.      Captain Robert Miller

With respect to adding Captain Robert Miller as an individual defendant in the Amended Complaint, Plaintiffs argue that Defendants have had notice that the Complaint would be amended, as the initial Complaint named "Does 1-10," and advised "Plaintiffs will amend this Complaint to set forth the true and complete names and capacities of the partially-named and fictitiously-named Defendants once ascertained."  (Complaint ¶ 12).  Defendants state that Plaintiffs knew Captain Miller's identity prior to the filing of the Complaint.  The initial Complaint sets forth that on September 7, 2009, as Plaintiffs prepared to distribute literature, it was Captain Miller who initially informed Plaintiffs that they were not allowed to remain in their current position on the sidewalks, and would need to go a block further away.  (*See* Complaint ¶

3

43).  The entire interaction on September 7, 2009, as alleged in the initial Complaint, occurred between Plaintiffs and Captain Miller.

"Plaintiffs are permitted to bring suit against unnamed 'John Doe' defendants *until discovery or other information reveals the identity* of the party."  *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010).  In this case, the identity of the party was revealed to them at the time they filed the Complaint, and it is unclear why Captain Miller was not named at this time.  However, having found that there has been no undue delay, bad faith, or prejudice to Defendants, the Court, in its discretion, will allow Plaintiffs to add Captain Robert Miller to the Complaint.

### B.    Additional Claims

Plaintiffs seek to add a due process claim against Defendants, based on what they allege to be vague laws and *ad hoc* restrictions on their constitutional rights.  They also would amend their Complaint to include an equal protection claim because the Municipal Code of Pontiac "provides for exemptions from regulation for other similarly situated distributors of literature while imposing unreasonable restriction upon Plaintiffs' literature distribution."  (Complaint ¶ 103).  Plaintiffs seek to add a claim for "Negligent Training/Supervision" on the basis that Defendant City of Pontiac failed to supervise and train their employees to ensure that their conduct complied with the federal and state constitutions.  Finally, Plaintiffs seek injunctive and declaratory relief to prevent further violations against their constitutional rights.

"A proposed Amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (*see also U.S. v. Wood*, 877 F.2d 453, 456 (6th Cir. 1989) (To bar amendment to a Complaint, a

4

defendant must show that amendment would be prejudicial or "the complaint, as amended, could not withstand a motion to dismiss under Fed. R. Civ. P. 12 (b)(6).").

Defendants have effectively demonstrated that amending the Complaint to add claims of negligent supervision/training, and injunctive and declaratory relief would be futile, as they could not withstand a motion to dismiss under Rule 12(b)(6).  Plaintiffs point to the incident of September 7, 2009 as evidence of negligent supervision and training.  However, "[a]llowing an inadequate training claim such as this one to go to the jury based upon a single incident would only invite jury nullification of *Monell* [*v. New York City Dept. of Social Services,* 436 U.S. 658, 694 (1978)].  To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy would amount to permitting precisely the theory of strict *respondeat superior* liability rejected in *Monell*."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 399-400 (1989).  Amending the Complaint to add a claim of negligent supervision/training would be futile.

Defendants have not established, however, that amending the Complaint to include an equal protection claim and a due process claim would be futile.  Defendant makes no claim that these claims would not withstand a motion to dismiss.  To the extent that the injunctive and declaratory relief sought stem from the equal protection claim and due process claim, and not from the claims this Court has already denied injunctive and declaratory relief in its March 31, 2011 Order, Defendants have not demonstrated the futility of allowing that these claims be amended.

## III.    MOTION TO MODIFY OR STRIKE ORDER GRANTING JOINT MOTION FOR ENTRY OF SCHEDULING ORDER

On June 29, 2011, the parties agreed that they did not dispute the dates in the Joint

Motion for Entry of Scheduling Order.  The Court denies Defendant's Motion to Modify or Strike Order Granting Joint Motion for Entry of Scheduling Order, deeming it moot.  The Court reserves the right to amend the scheduling order should it become necessary.

## V.      CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint **[Docket No. 38, filed on April 25, 2011]** is GRANTED IN PART and DENIED IN PART (with respect to the negligent training/supervision claim only).

IT IS FURTHER ORDERED THAT Defendant City of Pontiac's Motion to Modify or Strike the Order Granting Joint Motion for Entry of Scheduling Order **[Docket No. 45, filed on May 4, 2011]** is MOOT.


s/Denise Page Hood_____
United States District Judge

Dated:  August 17, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry_____
Case Manager


6