**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CONGREGATION SHEMA YISRAEL,
a Michigan non-profit corporation,
LOREN JACOBS, as an Individual and
as an employee of CONGREGATION
SHEMA YISRAEL, MARTHA JACOBS,
as an Individual and as associated with
CONGREGATION SHEMA YIRAEL,

        Plaintiffs,

v.                                                        Case No. 09-13718
                                                        Honorable Denise Page Hood

CITY OF PONTIAC, MICHIGAN, a
Municipal corporation and DOES 1
through 10,

        Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DEEMING MOOT PLAINTIFFS' MOTION FOR RELIEF UNDER RULE 56(f)**

**I.    BACKGROUND**

    **A.    Procedural Background**

Now before the Court is Defendants' Motion for Judgment on the Pleadings and Plaintiffs' motion for relief under Federal Rule of Civil Procedure 56(f). Both matters have been fully briefed and are now appropriate for final determination. For the reasons stated below, Defendants' motion for judgment on the pleadings is GRANTED IN PART and Plaintiffs' motion pursuant to Rule 56(f) is deemed MOOT.

Plaintiffs filed the present action on September 18, 2009 alleging violation of their rights to free exercise and free speech under the First Amendment. On March 31, 2011, the Court

granted in part Defendant City of Pontiac's Motion for Partial Summary Judgment [Docket No. 34]. The Court found that there was no genuine issue of material fact because the Arts, Beats and Eats Festival (the "Festival") would no longer be held in Pontiac, Michigan, making their claim for injunctive relief moot. The Court also found that Plaintiffs' request for declaratory relief was moot because there was no longer an actual controversy given that the Festival would no longer be held in Pontiac, Michigan.

On August 17, 2011, the Court granted in part Plaintiffs' Motion for Leave to File First Amended Complaint [Docket No. 66]. The Court allowed Plaintiffs to amend their Complaint to include Captain Miller. The Court also allowed Plaintiffs leave to amend the complaint to include equal protection and due process claims to the extent that those claims were not denied by the Court's March 31st order granting partial summary judgment. The Court found that adding claims of negligent supervision/training, and injunctive and declaratory relief would be futile. Plaintiffs filed their Amended Complaint on October 21, 2011.

On November 10, 2011, Magistrate Judge Paul Komives issued an order granting Defendants' Motion for Protective Order [Docket No. 73]. Defendants filed their motion for judgment on the pleadings on July 6, 2011 [Docket No. 58]. Plaintiffs filed a notice of motion and Rule 56(f) motion on August 10, 2011 [Docket No. 65].

      **B.**    **Factual Background**

Plaintiffs allege that they have distributed free religious literature to the general public in and outside the Arts, Beats and Eats Festival since 2004 (Amend. Compl. ¶ 14). In 2007, the Festival was held in Pontiac, Michigan during Labor Day weekend (Amend. Compl. ¶ 23). On Sunday, September 2, 2007, members and employees of Plaintiff Congregation Shema Yisrael, including Kim and June Glander, and were standing inside the Festival, distributing literature

(Amend. Compl. ¶ 26). Several police officers informed Plaintiffs that they could not distribute literature (Amend. Compl. ¶ 27). Police informed them that literature distribution was banned inside the Festival and escorted Mr. and Ms. Glander from the Festival area (Amend. Compl. ¶ 28). Following the event, Plaintiff Joren Jacobs spoke with Officer Thomas and, after conferring with Captain Kilty, was informed that literature distribution would not be allowed because the space had been leased to another organization (Amend. Compl. ¶ 29).

Plaintiffs' counsel sent a letter to the Festival requesting a meeting regarding literature distribution in September 2007 (Amend. Compl. ¶ 31). The letter was also distributed to Pontiac Chief of Police Valard Gross, Mayor Clarence Phillips, and City Attorney Andre Poplar (Amend. Compl. ¶¶ 32-34). In November 2007, Plaintiffs were informed that they could distribute literature in the furture if they paid the fee as "an official non-profit Festival Booth Sponsor" (Amend. Compl. ¶¶ 36, 37).

In 2008, Plaintiffs distributed literature outside the Festival (Amend. Compl. ¶ 41). They were told by police officers that they could not distribute literature. *Id.* After a conversation with an attorney that was distributing information for a campaign, Plaintiffs allege that the police officers allowed them to distribute their literature outside the Festival (Amend. Compl. ¶ 41).

In 2009, Plaintiffs distributed literature outside the Festival (Amend. Compl. ¶ 42). On the second day of distributing, Chief of Police Valard Gross and Captain Robert Miller told Plaintiffs that they could not distribute literature on the corner of Saginaw and Water Streets because "the sponsors of the Festival didn't want it" (Amend. Compl. ¶ 43). Loren Jacobs asked Captain Miller whether Plaintiffs could talk to people on the corner of Saginaw and Water Street without distributing literature and were informed that they could not (Amend. Compl. ¶ 44). Plaintiffs repositioned themselves a block away as directed by Captain Miller (Amend. Compl. ¶

45). Captain Miller later told Loren Jacobs and Martha Jacobs that they could not stand on the South side of the street (Amend. Compl. ¶ 46). Plaintiffs were threatened with arrest if they did not comply (Amend. Compl. ¶ 47).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(c) allows a party to move for judgment on the pleading after the pleadings have closed. Fed. R. Civ. P. 12(c).  The manner of review under Rule 12(c) is the same as review under Fed. R. Civ. P. 12(b)(6). *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008).  Fed. R. Civ. P. 12(c) requires the Court to "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 337 (6th Cir. 2007). However, the Court will not accept as true the plaintiff's legal conclusions or unwarranted factual inferences. *Id.*

Plaintiffs contend that Defendants' motion is properly considered a motion for summary judgment under Fed. R. Civ. P. 56(a) because Defendants attached two depositions from the named Plaintiffs to its motion. The Court may consider items attached to the defendant's motion if they are referenced in the Complaint and central to the plaintiff's claims. *Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2006). The Court may also consider matters to which it could take judicial notice. *Armengau v. Cline*, 7 Fed.Appx. 336, *5 (6th Cir. 2001).  In fact, "extrinsic materials [that] merely 'fill in the contours and details' of a complaint, …add nothing new and may be considered without converting the motion to one for summary judgment." *Id.* (*quoting Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir.

1997). The Court will not consider the depositions because they clearly contradict facts alleged in the Amended Complaint.

Plaintiffs further argue that Defendants' motion for judgment on the pleadings is inappropriate because Plaintiffs' motion to file first amended complaint was pending. The Court has granted Plaintiffs' motion for amended complaint and Plaintiffs subsequently filed their amended complaint. The Court deems this issue moot.

### III.   ANALYSIS

#### A.  Motion for Judgment on the Pleadings

The Defendants attack the Congregation's standing to maintain this action as to itself and on behalf of its members. Standing is a jurisdictional matter and a threshold question that must be resolved before the Court can consider substantive issues. *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987). Article III of the United States Constitution limits this Court's jurisdiction to "cases and controversies." In *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the Supreme Court articulated three requirements to establish standing: (1) he or she suffered an injury in fact, which is both concrete and actual or imminent; (2) the defendant's conduct caused the injury; and (3) the injury is likely, as opposed to speculative, that a favorable decision will redress the injury. *Lujan*, 504 U.S. at 560-61. "A plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 494 (6th Cir. 1999) (*citing Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)).

##### 1.      Organizational Standing

Defendants argue that Plaintiffs' Amended Complaint fails to allege any injury that the Congregation itself suffered.  The Court agrees. Plaintiffs' Amended Complaint fails to

5

demonstrate an injury in fact to the entity itself. An organization may have standing to obtain relief from an injury to the organization itself. *Am. Canoe Ass'n, Inc. v. City of Louisa Water & Sewar Comm'n*, 389 F.3d 536, 544 (6th Cir. 2004). However, a mere interest in a problem is insufficient to establish standing. *Greater Cincinnati Coalition for the Homeless v. City of Cincinnati*, 56 F.3d 710, 716 (6th Cir. 1995). Congregation must demonstrate "that its ability to further its goals has been 'perceptively impaired' so as to constitute[] far more than simply a setback to the organization's abstract social interests." *Id.* (*quoting Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982). The Court does not require the plaintiff to endure criminal prosecution in order to challenge a law. *Id.*

Here, Plaintiffs have not alleged how their interest in "proclaiming the message of the Gospel of Jesus Christ to Jewish people and providing a place for Jewish and Gentile individuals to worship and assemble for religious purposes" was "perceptively impaired" by the Defendants' actions (Amend. Compl. ¶ 2). Plaintiffs allege that Defendants' act of removing Plaintiffs from the Festival and enforcing City of Pontiac Municipal Code Chapter 6, Article II, "or some other provision" violated Plaintiffs' free speech and free exercise rights. The Amended Complaint alleges that Plaintiffs have a desire to distribute literature at the Woodward Dream Cruise and other events in Pontiac but are in fear of being arrested. Congregation has not indicated, however, how its own rights are impaired by Defendants' actions or indicated what restrictions the City of Pontiac or Chief Miller has placed on Congregation that has perceptively impaired its ability to proclaim the message of Jesus Christ or provide a place of worship or assembly. Congregation is still able to fulfill its obligation to its members and promote its purpose regardless of Defendants' actions. Rather, Congregation has shown that it has experienced a setback in its interest in evangelism and a threat of injury at the Woodward Dream Cruise or

6

other Pontiac Events. "[A] threat of injury…must be 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Greater Cincinnati*, 56 F.3d at 716 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). The Court does not find the possibility that Congregation's members may not be able to distribute literature at the Woodward Dream Cruise to be sufficient to confer organizational standing. Congregation has not even indicated whether it applied for a permit to distribute literature at the Festival or the Woodward Dream Cruise.

Additionally, Congregation has not alleged how the City of Pontiac's ordinance prohibiting the obstruction of public streets frustrates Congregation's ultimate purpose: evangelism and providing a place of worship. The ordinance prohibits the distribution of commercial and noncommercial handbills when a public street is obstructed; there is a threat of danger to the peace; or threat of danger to life or safety. Congregation is able to fulfill its purpose notwithstanding the ordinance. Congregation may still proclaim its message. Congregation lacks standing to assert its claims.

### 2. Associational Standing

Defendants further argue that Congregation does not have associational standing to assert a claim for relief on behalf of its members. As to Plaintiffs' due process, equal protection, and injunctive and declaratory relief claims, Defendants concede that Congregation has representational standing for the purpose of the present motion. The only areas of dispute are whether Congregation has standing to represent its members' free speech and free exercise claims.

An association may have standing to sue on behalf of its members even when the association has not itself suffered an injury. *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 342 (1977). An organization may sue on behalf of its members when (1) the

members would have standing to sue in their own right; (2) the interests at stake are "germane" to the organization's purpose; and (3) the claim nor relief requested require individual participation of the members in the action. *Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 524 (6th Cir. 2001); *see also Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343 (1977); *Greater Cincinnati,* 56 F.3d at 717. Representational standing is satisfied if at least one member of the organization has standing to sue. *See Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d at 526 (finding that the "NAACP successfully obtained associational standing through" one named plaintiff).

### a. Individual Standing

Defendants argue that Congregation does not have standing to assert its members' free speech and free exercise claims because its members do not have standing to sue as individuals. Plaintiffs allege that they seek to distribute literature at the Woodward Dream Cruise and other events in Pontiac and are fearful that they will be arrested if they do. "[W]here a First Amendment plaintiff only alleges inhibition of speech, the federal courts routinely hold that no standing exists." *Morrison v. Bd. of Educ.*, 521 F.3d 602, 609 (6th Cir. 2008). Congregation must show that its members have a concrete injury that has occurred or is imminent. *Id.* at 610. However, "it is sufficient for standing purposes that [Congregation] intends to engage in a course of conduct arguably affected with a constitutional interest and that there is a credible threat that the challenged provision will be invoked against its members." *ACLU of Nev. v. Heller*, 378 F.3d 979, 984 (9th Cir. 2004) (quoting *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154-55 (9th Cir. 2000)). Plaintiffs were threatened with arrest at the Festival and not the Woodward Dream Cruise or another Pontiac event. Although it is arguable that Plaintiffs would have standing if they sought to continue their distribution activities at the Festival, it is not apparent that the same threatened

outcome will occur at the Woodward Dream Cruise or another Pontiac event. The Court would not require Congregation members to risk arrest and prosecution at the Festival if it were continuing in Pontiac, but the Court cannot say with certainty that the same allegedly offensive conduct would occur at a wholly separate event in Pontiac. *See Steffel v. Thompson*, 415 U.S. 452, 459 (1974) ("[I]t is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights.")

In addition, Plaintiffs' free speech and free exercise claims are based on the removal of Plaintiffs from the area outside the enclosed Festival area. Plaintiffs were inside the Festival area in 2007 and removed due to their lack of the appropriate permits. In 2008, although a police officer asked Congregation members to leave initially, Plaintiffs were not removed from outside the enclosed Festival area and were allowed to continue to distribute their literature. In 2009, the named Plaintiffs were asked to distribute their materials further away from the Festival. Plaintiffs, Loren and Martha Jacobs, were outside of the enclosure for all times during the 2009 incident. Congregation has not indicated what injury any other members suffered due to Defendants' actions. Martha and Loren Jacobs, as named Plaintiffs, are vindicating their own rights as plaintiffs in the present action. It is not necessary for Congregation to assert the named Plaintiff's rights given that they are already represented here. Congregation does not have standing to assert the constitutional rights of its members.

### b.  Germane to Association's Purpose

Defendants concede that the asserted claims are germane to the Congregation's purpose of "proclaiming the message of the Gospel of Jesus Christ to Jewish people and providing a place for Jewish and Gentile individuals to worship and assemble for religious purposes." The

inability to distribute literature to communicate their message would frustrate Plaintiffs' ability to engage in protected conduct.

### c. Individual Participation

Defendants next argue that the Congregation cannot pursue the request relief because such relief would require the participation of the individual Plaintiffs. Plaintiffs request declaratory, injunctive and monetary relief. The Supreme Court has reasoned that whether an association may request relief on behalf of its members depends on the type of relief sought. *Warth v. Seldin*, 422 U.S. 490, 515 (1975). Typically an association may seek redress for its members when seeking declaratory or injunctive relief because such remedy, "if granted, will inure to the benefit of those members of the association actually injured." *Id.* The association in *Warth* could not maintain an action for damages because such injury was unique to each individual member and would require individualized proof. *Id.* at 515-16.

Plaintiffs request for monetary relief is inappropriate. As previously stated, Plaintiffs base their constitutional claims on being escorted from outside the Festival area and not being able to distribute literature in the areas open to the general public. This violation only occurred in 2009. Monetary relief would require individualized proof because damages may not be equal among all Congregation members. Congregation cannot assert representational standing for its members' free speech and free exercise claims.

### B.     Rule 56(f) Motion

Plaintiffs ask the Court to provide relief under Federal Rule of Civil Procedure 56(f) because Defendants have included information outside the pleadings in its motion for judgment on the pleadings. Rule 56(f) provides that, "[a]fter giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on

grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Plaintiffs ask that the Court either deny Defendants' motion without prejudice or continue the hearing on the motion. The Court did not consider the depositions attached to Defendants' motion for judgment on the pleadings because they contradicted the allegations made in the Complaint. Plaintiffs' request is moot.

## IV.  CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Defendants' motion for judgment on the pleadings on **[Docket No. 58, filed on July 6, 2011]** is **GRANTED IN PART**. Congregation does not have organizational standing as to all counts and lacks representational standing as to Counts I and II. Defendants concede that Congregation has representational standing as to Counts III, IV, V, and VI.

**IT IS FURTHER ORDERED** that Plaintiffs' Rule 56(f) motion **[Docket No. 65, filed August 10, 2011]** is deemed **MOOT**.

Dated:  March 30, 2012                    s/Denise Page Hood  
                                          DENISE PAGE HOOD  
                                          UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Friday, March 30, 2012, by electronic and/or ordinary mail.

                                          s/Julie Owens  
                                          Case Manager