UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONGREGATION SHEMA YISRAEL,
a Michigan non-profit corporation,
LOREN JACOBS, as an Individual and
as an employee of CONGREGATION
SHEMA YISRAEL, MARTHA JACOBS,
as an Individual and as associated with
CONGREGATION SHEMA YIRAEL,

               Plaintiffs,

v.                                                                                    Case No. 09-13718
                                                                                      Honorable Denise Page Hood
CITY OF PONTIAC, MICHIGAN, a
Municipal corporation and ROBERT MILLER,
as an individual and in his official capacity,

               Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT AND CLARIFYING THE MARCH 30, 2012 ORDER

This matter is before the Court on Plaintiffs' Motion for Relief and Defendants' Motion for Clarification. For the reasons stated below, Plaintiffs' Motion for Relief from Judgment is **DENIED**. The Court further finds that the holding of its March 30, 2012 Order applies to Plaintiffs' Equal Protection and Due Process Claims.

The facts of this case have already been outlined in this Court's March 30, 2012 Order granting in part Defendants' motion for judgment on the pleadings. The Court will not reiterate them here. However, it will be helpful to briefly outline the procedural history. On March 31, 2011, the Court granted in part Defendants' Motion for Partial Summary Judgment. The Court denied Plaintiffs' request for injunctive relief because the Arts, Beats, and Eats festival would no longer be held in Pontiac, Michigan. The Court found that Plaintiffs' argument that injunctive

relief would prevent the alleged violations from occurring at other events held in Pontiac was too broad and "tantamount to issuing an order requiring the City of Pontiac to comply with the First Amendment to the Constitution, an obligation to which Defendant is already bound." As to declaratory relief, the Court found that Plaintiffs' requested relief was rendered moot by the fact that the festival would no longer be in Pontiac.

On August 17, 2011, the Court granted in part Plaintiffs' motion to amend its complaint, allowing the Plaintiffs to add Captain Robert Miller as a party and allowing due process and equal protection claims to the extent that they were not barred by the Court's March 31, 2011 order. The Court did not allow Plaintiffs' to add a negligent supervision/training claim because it was deemed futile.

On October 21, 2011, Plaintiffs filed its First Amended Complaint with the following allegations:

    Count I – First Amendment violation of free speech;

    Count II – First Amendment violation of free exercise;

    Count III – Fifth Amendment violation of due process;

    Count IV – Fourteenth Amendment violation of equal protection;

    Count V – Injunctive Relief

    Count VI – Declaratory Relief

On March 30, 2012, the Court granted in part Defendants' motion for judgment on the pleadings. First, the Court found that Congregation lacked standing because it had failed to demonstrate an injury to itself as an entity. The Court also found that Congregation lacked standing to assert the constitutional rights of its members. The Court specifically addressed Plaintiffs' free exercise and free speech claims but did not address Plaintiffs' equal protection and due process claims. As

an initial matter, the Court finds, for the reasons indicated in its March 30, 2012, that Congregation lacks standing to assert the due process and equal protection rights of its members.

Currently, Congregation maintains Counts III and IV's fifth and fourteenth amendment facial challenge to the City of Pontiac's Municipal Code. Defendants conceded standing as to these claims. Congregation further maintains Counts V and VI to the extent not denied by the Court's March 30th Order. The named Plaintiffs, Loren and Martha Jacobs, maintain their individual claims.

As to Plaintiffs' Motion for Relief from Judgment, Federal Rule of Civil Procedure 60, in relevant part, allows the Court to provide relief from a judgment or order due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). A motion for relief from judgment must be made within a reasonable time, or in regards to grounds (1), (2), or (3), within a year of entry of judgment. Fed. R. Civ. P. 60(c)(1). Whether a motion for relief has been filed within a reasonable time "depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

The moving party must show by clear and convincing evidence that fraud, misrepresentation or misconduct has occurred. *Venture Industries Corp. v. Autoliv ASP, Inc.*, 457 F.3d 1332, 1333 (6th Cir. 2006) (quoting *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, *8 (6th Cir. 1996)). If the movant makes this showing, prejudice is presumed and the burden then shifts to the nonmovant to show by clear and convincing evidence that the "misbehavior which occurred had no *prejudicial* effect on the outcome of the litigation." *Id.* (emphasis in original). There must be some deliberate act. *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538

F.3d 448, 454 (6th Cir. 2008) (quoting *Jordan*, 1996 WL 528950 at *6)). The Sixth Circuit has explained the relevant misbehavior as follows:

> "Misrepresentation" can be interpreted as an affirmative misstatement. "Fraud" can be interpreted as reaching deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material. And "other misconduct" can be interpreted to reach questionable behavior affecting the fairness of litigation other than statements or the failure to make statements. Most notably in this context, it could reach accidents that should have been avoided, for instance a reckless approach to searching one's files for discoverable material.

*Jordan*, 1996 WL 528950 at *6.

Plaintiffs argue that Defendants misrepresented the facts when it argued that Arts, Beats and Eats instructed the Pontiac Police Department to prohibit the distribution of materials by unlicensed vendors at the festival. Defendants later argued that Captain Miller testified that his actions were not related to the licensing system that Arts, Beats and Eats employs within the festival area. Plaintiffs contend that because of Defendants misrepresentation they have been "stripped of their equitable relief." [Docket No. 81 at p. 14].

Plaintiffs have not provided sufficient evidence to demonstrate that Defendants misrepresented the facts. The Court found in its March 31th Order that Plaintiffs' request for injunctive relief was too broad and that, accepting Plaintiffs' factual allegations as true, they were not entitled to declaratory judgment. Further, Plaintiffs do not identify a false assertion made by Defendants. Rather, Plaintiffs rely on the affidavit of Captain Miller which does not indicate that his actions outside the festival area were based on the licensing system or that his actions inside the festival were based on enforcing the licensing system. The theory of the case changed with its amended complaint and, accordingly, Defendants' defense. It appears that Plaintiffs are attempting to revive their previous requests for equitable relief. The Court finds that there was no misbehavior on Defendants' part as Rule 60 requires. And even assuming that

there was, Plaintiffs have failed to show that the misbehavior was prejudicial because the Court based its decision on the festival having permanently moved from Pontiac. This finding would stand despite Defendants' defense adaptation to Plaintiffs' change in the theory of the case.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Relief from Judgment **[Docket No. 81, filed December 26, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that as to Defendants' Motion for Clarification **[Docket No. 92, filed April 13, 2012]** the Court's holding applies to Plaintiffs' equal protection and due process claims.

**IT IS SO ORDERED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager